UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:11-129-KKC-1 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| JOHN B. BELLFIELD, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant's motion for compassionate release. On May 18, 2012, Defendant John B. Bellfield was sentenced to 135 months imprisonment and five years of supervised release. (DE 24.) On May 22, 2020, he filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), requesting that the Court either reduce his sentence or order that he serve the remainder of his sentence on home confinement. (DE 33.) Under that statute, a court may modify a term of imprisonment if –

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier… after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable… it finds that extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1

In his motion, Defendant claims that he has "tried to exhaust all administrative remedies with no response." (DE 33 at 1.) Even assuming that Defendant has exhausted his administrative rights,[1] his motion is denied on its merits.

As to Defendant's request that the Court order that he serve the remainder of his sentence on home confinement, this Court has no authority to do so. The Bureau of Prisons is the entity that has the authority to designate the place of a prisoner's imprisonment, not the Court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). The Court would have no objection to any such relief that the BOP may find appropriate.

Further, as discussed above, § 3582(c)(1)(A) requires that the Court find that "extraordinary and compelling reasons warrant" a modification to a defendant's sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)). According to the Sentencing Commission's policy statement, extraordinary and compelling reasons may exist[2] given the medical condition of the defendant; the age of the defendant; specific family

---

[1] In its response to Defendant's motion, the government reports that Defendant never made a request for compassionate release to the warden of FCI Forrest City Low, where he is currently incarcerated. (DE 35 at 7.)

[2] "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *Lake*, 2019 WL 4143293, at *2 (citation and internal quotation marks omitted).

circumstances;[3] or "other reasons."[4] U.S.S.G. § 1B1.13 (2018). Defendant's motion fails to provide a basis for concluding that extraordinary or compelling reasons exist in this case. The government reports that Defendant, who is 32 years old, is in good physical health and is not currently prescribed any medications. (DE 35 at 2.) Defendant's motion speaks only about his general concern about contracting the disease caused by the novel coronavirus, COVID-19, and his distrust in the BOP's ability to properly protect him and other inmates from the disease (DE 33); as the preceding discussion shows, this is insufficient to meet the applicable standard.

Accordingly, the Court hereby ORDERS that Defendant's motion for compassionate release (DE 33) is DENIED.

Dated June 5, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[3] These "family circumstances" are limited to "the death or incapacitation of the caregiver of the defendant's minor child or minor children" and "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 (2018).

[4] Application Note 1(D), which provides for "other reasons," is not relevant in this case. "By its plain language, Application Note 1(D)'s 'other reasons' determination is reserved for the Director of the BOP. This Court has expressly declined to consider what might constitute 'other reasons' under subsection 1(D)." *United States v. Girod*, No. 5:15-CR-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020). Defendant's motion provides no basis for the conclusion that the BOP has identified any extraordinary or compelling reasons in his case.